## S99Y0372. IN THE MATTER OF JOHN J. SOWA.
### (515 SE2d 396)

PER CURIAM.

This disciplinary matter is before the Court on Respondent John J. Sowa's Petition for Voluntary Discipline, filed in response to six pending grievances (State Disciplinary Board ("SDB") Docket Numbers 3628, 3629, 3630, 3631, 3632 and 3633) but prior to the State Bar's filing of a Formal Complaint against him. In the petition, Sowa admits to violations of Standards 45 (f) (settling a legal proceeding or claim without obtaining proper authorization from client); 61 (failure to promptly notify client of receipt of his funds and to promptly deliver such funds, securities, or other properties to client); 63 (failure to properly maintain complete records of all funds, securities, and other properties of client in lawyer's possession and failure to render appropriate accounts of same to client); and 65 (lawyer shall not commingle client's funds with his own or fail to account for trust property held in fiduciary capacity) of Bar Rule 4-102.

Sowa admits that, on four separate occasions, following the settlement of personal injury cases on behalf of clients, he withheld, with the clients' permission, a portion of the clients' funds to pay third-party medical care providers, but subsequently failed to deliver the funds to the third parties and failed to provide his clients with accountings regarding his use of these funds. Further, Sowa closed his law office without informing his clients and used their trust funds for his own needs. In each case, Sowa eventually paid the third-party providers after a grievance was filed by the client. Sowa also admits on another occasion that, after filing an action on behalf of a client, he became concerned about the viability of the case and ultimately

dismissed the case without prejudice without first obtaining his client's permission. Finally, Sowa admits that he improperly handled a real estate refinancing causing his trust account to be overdrawn and resulting in a delay in his making all the disbursements related to the closing.

In his petition, filed directly with this Court pursuant to Bar Rule 4-227 (b) (2), Sowa requests that this Court impose as an appropriate sanction in this case an 18-month suspension from the practice of law, with conditions on his reinstatement. The conditions proposed by Sowa are as follows: (a) that he pay for and complete, within six months of his reinstatement, a law practice management assessment by a consultant approved by the Law Practice Management Program of the State Bar and that he agree to turn over the results of the assessment to the Office of the General Counsel; (b) that he submit to a psychological assessment by a psychologist approved by the Lawyer's Assistance Program of the State Bar no more than three months prior to the end of his suspension and that the psychologist certify his fitness to return to the practice of law and provide the Office of the General Counsel with such certification; and (c) that he be required to attend the first session of Ethics School available after his reinstatement.

The State Bar recommends Sowa's petition be accepted and notes the existence of mitigating factors such as Sowa's lack of a prior disciplinary record; his timely good faith efforts to make restitution and to rectify the consequences of his misconduct; and his full cooperation with disciplinary authorities. This Court agrees that an 18-month suspension is appropriate. Accordingly, this Court accepts Sowa's petition and he is hereby suspended from the practice of law for a period of 18 months, with conditions on reinstatement as set forth above. He is reminded of his duties under Bar Rule 4-219 (c).

*Eighteen-month suspension with reinstatement upon conditions. All the Justices concur.*

DECIDED MAY 17, 1999.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.